UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DISCOVERY PIER LAND HOLDINGS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:14-CV-2073 (CEJ) ) |
| VISIONEERING ENVISION.DESIGN. BUILD, INC., | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to transfer the case to the Central District of California, pursuant to 28 U.S.C. § 1404(a). Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

### I. Background

Plaintiff Discovery Pier Land Holdings, LLC, (Discovery) owns a 70-acre parcel of undeveloped land in St. Louis, Missouri, on which it hopes to develop a project combining residential, commercial, and recreational uses. Complaint ¶¶3-4 [Doc. #5]. Defendant Visioneering Envision.Design.Build, Inc. (VEDB) is a Delaware corporation based in California that is in the business of providing development services. Counterclaim ¶ 1 [Doc. #10]. On February 28, 2011, the parties entered into a Development Services Agreement, pursuant to which defendant agreed to provide design and management services for the development project, in exchange for an amount equal to 40% of the increase in the property's value. The agreement was negotiated and signed in Missouri. However, the parties agreed that the agreement would be governed by California law and that they would submit to

California's jurisdiction. [Doc. # 12-3 at § 14.3].

Plaintiff alleges that defendant failed to perform under the parties' agreement, engaged in deceptive billing practices, and improperly asserted a contractual lien against the property. Plaintiff filed suit in the Twenty-Second Judicial Circuit Court of Missouri (St. Louis City), asserting claims of breach of contract, unfair and deceptive billing practices in violation of Cal. Com. Code § 17203 (2014), breach of implied and express covenants of good faith and fair dealing, and slander of title. Plaintiff also asserts a quiet title claim and seeks declaratory and injunctive relief. Defendant removed the matter, invoking jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. In its counterclaim, defendant alleges that it is owed at least $270,000 for services it provided under the agreement. Defendant asserts counterclaims for breach of contract, breach of covenant of good faith and fair dealing, and *quantum meruit*.

## II. Discussion

Defendant moves to transfer this matter to the Central District of California, pursuant to 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." There is no dispute that the action could have been brought in the Central District of California, because the parties consented to jurisdiction there and venue is proper there. See 28 U.S.C. § 1391(b)(1) (venue proper in district where any defendant resides if all defendants are resident of the State in which the district is located). There is also no dispute that venue is proper in the Eastern District of Missouri under §

1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" here. See Alan Wright, et al. 14D Fed. Prac. & Proc. § 3829 (4th ed.) (transfer under § 1404 requires a determination that the forum in which the case was initially filed was proper).

### A. The Forum Selection Clause

The parties' agreement includes the following provision:

> 14.3 Governing Law. This Agreement and the rights and obligations of the parties hereunder shall be governed by, and construed in accordance with, the laws of the State of California. Each of the parties hereto agrees to submit to the jurisdiction of the State of California.

[Doc. 12-3, p. 19].

#### 1. Validity

The court must first determine the validity of the forum-selection clause. Rogovsky Enter., Inc. v. Masterbrand Cabinets, Inc., No. 14-CV-188 SRN/HB, 2015 WL 757360, at *4 (D. Minn. Feb. 23, 2015) (validity must be determined before enforcement factors are considered). Under federal law, forum selection clauses are *prima facie* valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching.[1] M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).

---

[1] The Eighth Circuit has not yet affirmatively determined whether federal or state law applies in determining the enforceability of a forum-selection clause. Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006). In this case, the court need not determine whether to apply state law rather than federal law, because California and Missouri have adopted the federal standard as set forth in M/S Bremen. See Net2Phone, Inc. v. Superior Court, 135 Cal. Rptr. 2d 149, 152 (Cal. Ct. App. 2003) (forum selection clauses are valid when they appear in "a contract entered into freely and voluntarily by parties who have negotiated at arm's length, . . . in the absence of a showing that enforcement of such a clause would be unreasonable"); High Life Sales Co. v. Brown-Forman Corp., 823 S.W.2d 493, 497 (Mo. 1992) (*en banc*) ("[W]e join the better-reasoned majority rule and will enforce such clauses, so long as doing so is neither unfair nor unreasonable.)

Plaintiff argues that the forum selection clause is unenforceable because the entire contract is void. Under Missouri law, "contracts for architectural . . . services entered into by any person who is not an architect . . . shall be unenforceable by the unlicensed . . . person, whether in contract, *quantum meruit* or other legal theory, regardless of whether a benefit has been conferred." Mo.Rev.Stat. § 327.461. Whether the contract as a whole is void, however, has no bearing on the validity of the forum selection clause itself, because the clause is viewed as a separate contract that is severable from the agreement in which it is contained. Rucker v. Oasis Legal Fin., L.L.C., 632 F.3d 1231, 1238 (11th Cir. 2011) (citing Scherk v. Alberto–Culver Co., 417 U.S. 506, 519 n.14 (1974) (explaining that a forum selection clause within a contract alleged to be the product of fraud is enforceable as long as the forum selection clause, itself, was not included in the contract because of fraud)); see also Muzumdar v. Wellness Intern. Network, Ltd., 438 F.3d 759, 762 (7th Cir. 2006) (rejecting argument that a forum selection clause was void because it was included within a contract that was void and unenforceable as against public policy); Marra v. Papandreou, 216 F.3d 1119, 1123 (D.C. Cir. 2000) ("A forum-selection clause is understood not merely as a contract provision, but as a distinct contract . . . that is separate from the obligations the parties owe to each other under the remainder of the contract.").

Plaintiff does not assert that the forum selection clause itself is the product of fraud or overreaching and thus the court finds that the clause is valid.

### 2. Permissive Forum Selection Clause

Defendant concedes that the forum selection clause in the parties' agreement is permissive, rather than mandatory. See Dunne v. Libbra, 330 F.3d 1062, 1063-

64 (8th Cir. 2003) (finding permissive clause that stated: "[t]his agreement shall be governed by and construed and enforced in accordance with the laws of the State of Illinois, and the parties consent to jurisdiction [in] the state courts of the State of Illinois.").

The distinction between mandatory and permissive forum selection clauses matters for the purposes of the § 1404 analysis. When the parties have a valid mandatory forum selection clause, a plaintiff filing in a nonconforming forum may resist transfer under § 1404 only under "exceptional circumstances unrelated to the convenience of the parties." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 581 (2013). By contrast, a permissive forum selection clause is given less, though still significant, weight. See Terra Int'l, Inc. v. Mississippi Chem. Corp., 922 F. Supp. 1334, 1374-75 (N.D. Iowa 1996) ("The court therefore finds in its discretionary power to grant a transfer, the authority to consider a merely 'permissive' forum selection clause as weighing 'significantly' in the transfer calculus.").

### B.  Section 1404(a) Analysis

The Eighth Circuit has declined to provide an exhaustive list of factors for courts to consider in evaluating a request for a transfer, but has instructed district courts to weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted. In re Apple, Inc., 602 F.3d 909, 912 (8th Cir. 2010). The factors relevant to convenience include (1) the convenience of the parties; (2) the convenience of the witnesses, including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony; (3) access to records and documents; (4) the location where the

conduct complained of occurred; and (5) the applicability of each forum state's substantive law. Terra Int'l v. Mississippi Chem. Corp., 119 F.3d 688, 695-96 (8th Cir. 1997). Factors relevant to fairness or the interest of justice include (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. Id.

"In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." Id. The presence of a permissive clause designating another forum does not shift this burden. Watson v. John K. Burch Co., No. CIV.A. 3:02-CV-2555, 2003 WL 21145744, at *4 (N.D. Tex. May 14, 2003) (permissive forum selection clause does not shift burden of persuasion to plaintiff resisting motion to transfer to contractually agreed upon forum).

### 1. The Convenience Factors

**Convenience of the Parties**: The forum selection clause, even though permissive, is determinative in the analysis of this factor. Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995) ("Within [the § 1404] framework, a forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum.") The fact that the parties initially accepted the jurisdiction of a particular court "must count. A forum selection clause is determinative of the convenience of the parties." Reliance Ins. Co. v. Six Star, Inc., 155 F. Supp. 2d 49, 58 (S.D.N.Y. 2001) (quoting Orix Credit Alliance, Inc. v. Mid–South Materials Corp.,

816 F. Supp. 230, 234 (S.D.N.Y 1993)). Thus, the convenience of the parties weighs in favor of transfer.[2]

**Convenience of Witnesses**: In analyzing the convenience-of-witnesses factor, the Court must focus on nonparty witnesses, since "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum." Cosmetic Warriors Ltd. v. Abrahamson, 723 F. Supp. 2d 1102, 1106 (D. Minn. 2010) (citations omitted). "[T]he convenience analysis does not simply turn on the number of witnesses each side has identified," but rather hinges on the importance of their testimony. Id. (citations omitted).

Defendant identifies five nonparty witnesses who reside in California, two of whom performed work related to the project. See John Parker Decl. ¶¶ 19(vi) and (vii) [Doc. #12-2]. Plaintiff asserts that these nonparty witnesses are unlikely to have evidence relevant to "the dispute before the Court, which is the failure of Defendant to be licensed or qualified to perform architectural services in Missouri." Pl. Opp. at 9 n.3. [Doc. #17]. This is not an accurate characterization of the dispute, since defendant concedes that it is not licensed as an architecture firm in Missouri. Answer ¶17. The genesis of the dispute is defendant's alleged failure to perform its obligations under the contract. Nonparty witnesses Tim Sales, who prepared a market study analysis, and Richard Carlow, who prepared renderings, are likely to provide testimony relevant to this central issue. Plaintiff's assertion

---

[2]Even without the forum selection clause, the court finds that this factor weighs in favor of defendant, which would suffer significant hardship if its employees had to cease work activities to travel to Missouri for litigation. Parker Decl. ¶10. Plaintiff is a partnership of investors, with the sole purpose of developing land in Missouri, and has no employees. Anthony Daniele Aff. ¶¶8, 17. Plaintiff does not allege that the work of the partnership would be disrupted if this action is transferred.

that these witnesses are not truly nonparty witnesses or otherwise unwilling to appear at trial is not supported by anything other than conjecture.

Plaintiff identifies ten nonparty witnesses from the St. Louis Board of Aldermen and other city departments, the St. Louis Development Corp., the Missouri Board of Architects, the Army Corps of Engineers, the regional office of the Federal Emergency Management Agency, and the Metropolitan St. Louis Sewer District. Plaintiff asserts that these witnesses will testify generally about governmental permitting and zoning processes and professional licensing requirements and specifically that defendant never contacted them to obtain the licenses and permits necessary for its performance under the contract. Plaintiff does not state that these witnesses have any personal knowledge of the contract or project and the court agrees with defendant that their proposed testimony is available through requests for admissions or stipulation. The same is true of the local witnesses plaintiff asserts will testify as to the inadequacy of the architectural services defendant provided.

Plaintiff also identifies two expert witnesses based in this district: Joel Klizing will testify that the services defendant was to perform were architectural services, the requirements of the permitting process, and the cost to complete unfinished work. John Duckworth will testify regarding the enforceability of the contractual lien that defendant has placed on title to the property. "The convenience of expert witnesses has little or no significance in determining whether an action should be transferred under 28 U.S.C. § 1404(a)." Aronstein v. Thompson Creek Metals Co., No. 3:14-CV-00201 MPS, 2015 WL 235186, at *4 (D. Conn. Jan. 16, 2015) (quoting Scheinbart v. Certain–Teed Products Corp., 367 F. Supp. 707, 709–10

(S.D.N.Y. 1973)) (alteration omitted); Marshall v. Wexford Health Sources, Inc., No. 13 C 8678, 2014 WL 2536246, at *4 (N.D. Ill. June 5, 2014) ("the convenience of expert witnesses is irrelevant in determining the propriety of transfer . . . since it may be presumed that witnesses who are paid to testify will appear at trial irrespective of the location of the forum."); Gdovin v. Catawba Rental Co., 596 F. Supp. 1325, 1327 (N.D. Ohio 1984) ("It is of little value to this Court's determination that Plaintiffs' expert witnesses reside in Ohio; even were this matter to be transferred, expert witnesses could be found and retained in the transferee district.").

The convenience of nonparty witnesses weighs in favor of transfer.

**Location of Records and Documents**: The case centers on defendant's performance, or lack thereof, of its contractual duties and the relevant records and documents are located in California. As plaintiff notes, this factor is less relevant at a time when most documents are produced electronically. This factor is neutral.

**Location Where the Conduct Complained of Occurred**: This factor is evenly balanced: the property that is the focus of the parties' agreement is located in this district and VEDB undertook performance of its obligations at its offices in California.

**Applicability of Each Forum State's Substantive Law**: The parties agreed that California law would be used to construe the agreement and determine the parties' rights and obligations under it. Plaintiff nonetheless argues that Missouri law will apply, and cites Eggleton v. Plasser & Theurer Exp. Von Bahnbaumaschinen Gesellschaft, MBH, 495 F.3d 582, 585-86 (8th Cir. 2007), in support of this assertion. However, in Eggleton, the Eighth Circuit stated that, when

a case is transferred under § 1404, the transferee court applies the choice-of-law rules of the state in which the transferor court sits. Thus, the Central District of California would apply Missouri's choice-of-law rules to determine which state's law to apply. Missouri recognizes that contracting parties may choose the state whose law will govern the interpretation of their contractual rights and duties, and will honor a choice of law provision so long as application of the chosen law is not contrary to a fundamental policy of Missouri. Tri-Cnty. Retreading, Inc. v. Bandag Inc., 851 S.W.2d 780, 784 (Mo. Ct. App. 1993) (citations omitted). Plaintiff has not argued that the application of California law will result in the violation of a fundamental policy of Missouri.[3] Thus, whether the case remains in this district or is transferred, the substantive law of California will apply to the determination of whether the contract is one for architectural services and thus void under Mo.Rev.Stat. § 327.461. This factor weighs in favor of transfer.

Taken together, the § 1404 factors relating to convenience weigh in favor of transfer.

## 2. **The Fairness and Interest of Justice Factors**

**Judicial Economy**: Plaintiff asserts that the docket in the Central District of California is more congested than the docket in this district.[4] The courts discount the value of this kind of statistic: "[W]hether one court would move any given case to trial faster is 'speculative,' because 'case-disposition statistics may not always

---

[3]Plaintiff does argue, without explanation, that it is impossible for the California court to exercise jurisdiction in a number of the claims it brings. Pl. Op. at p.15. The court has considered this argument but cannot determine what plaintiff means.
[4]To the extent that "court congestion" is a relevant consideration, the median time to disposition is actually shorter in the Central District of California than in the Eastern District of Missouri. See 2014 Judicial Business of the United States Courts, Table C-5 "U.S. District Courts – Median Time Intervals From Filing to Disposition of Civil Cases."

tell the whole story.'" In re Apple, Inc., 602 F.3d 909, 915 (8th Cir. 2010) (quoting In re Genentech, Inc., 566 F.3d 1338, 1347 (Fed. Cir. 2009)). This factor is neutral.

**Plaintiff's Choice of Forum**: In general, federal courts give "considerable deference" to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted. Terra Int'l, Inc, 119 F.3d at 695. However, the burden on the party seeking transfer is lower than that for dismissal. Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955) ("[W]e believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader.") (quoting § 1404(a)).

This case does not present any factors which would lessen the "considerable" weight given to plaintiff's choice of forum: plaintiff resides in the Eastern District of Missouri and the property which is the subject of the parties' agreement is located here. See Greene v. Nat'l Head Start Ass'n, Inc., 610 F. Supp. 2d 72, 75 (D.D.C. 2009) (deference given to plaintiff's choice of forum is weakened when the plaintiff is not a resident of the forum and most of the relevant events occurred elsewhere). The court has already accounted for the permissive forum selection clause in its consideration of the parties' convenience.

**Comparative Costs of Litigating in Each Forum**: Defendant asserts that the overall costs of litigation in Missouri would be higher because most of the witnesses and physical evidence are located in California. Defendant would incur

significant costs to have corporate representatives travel to Missouri for depositions and trial, while plaintiff would incur the costs of deposing witnesses in California. Of course, transfer of this action to California will increase the litigation costs for plaintiff, which asserts without amplification that it would be unduly burdensome to litigate in California where it has no offices or other business connection. Anthony Daniele Aff. ¶18 [Doc. #17-1]. In the absence of more information from plaintiff, the court is persuaded that overall litigation costs will be higher in Missouri and this factor weighs in favor of transfer.

**Remaining Factors**: The remaining factors — the difficulty of enforcing a judgment, obstacles to a fair trial, conflict-of-law issues, and the advantages of having a local court determine questions of local law — are all neutral.

\*\*\*

In summary, after weighing the relevant factors under 28 U.S.C. § 1404(a), and giving plaintiff's choice of forum "considerable deference," Terra Int'l, 119 F.3d at 695, the court finds that defendant has met its burden to prove that transfer is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to transfer pursuant to 28 U.S.C. § 1404 [Doc. #11] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this action to the United States District Court for the Central District of California

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2015.